UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID COBBLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:24-cv-02608-JPB |

## **ORDER**

This matter is before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).  The Court finds as follows:

## **BACKGROUND**

On June 14, 2024, David Cobble ("Plaintiff") filed an application for leave to proceed *in forma pauperis* in this Court.  [Doc. 1].  On June 17, 2024, United States Magistrate Judge Christopher C. Bly granted Plaintiff's application, [Doc. 5], and Plaintiff filed his Complaint, [Doc. 2].[1]  On the same day, Plaintiff filed his Motion for Court to Update Jurisprudence to Deal with Democrat Elites' Conspiracy to Destroy United States by Adopting New Protocol, [Doc. 3], and his

---

[1] In his Complaint, Plaintiff references his "Memorandum of Law and Treatise" several times.  See, e.g., [Doc. 2, p. 4].  This Court reviewed Plaintiff's Memorandum of Law and Treatise, [Doc. 1-4]; [Doc. 4-1], in addition to its review of Plaintiff's Complaint.

Petition for Preliminary Injunction to Issue a Certificate of Ineligibility to Occupy Federal Office Against Joseph R. Biden, [Doc. 4].  Thereafter, Plaintiff also filed a Motion to Declare Biden's Presidency Illegal and Illegitimate—and Has No Authority to Wage War—to Avert World War III, [Doc. 6], and a Motion for Preliminary Injunction to Issue a Certificate of Ineligibility to Occupy Federal Office Against Kamala Harris, [Doc. 7].[2]

Plaintiff brings this suit against President Joseph R. Biden, Jr. ("Biden"), Vice-President Kamala Harris, several current cabinet members,[3] Fani Willis (Fulton County District Attorney), Becky Pringle (President of the National Education Association) and Alexander Soros (Chairman of the nonprofit organization, Open Society Foundations) (collectively, "Defendants").  See [Doc. 2, pp. 1–2].  Broadly, Plaintiff claims that Defendants conspired to "defraud the

---

[2] Within a week of filing each motion, Plaintiff also filed a Submission of Further Evidence of Biden Fraud and that Globalists Started War in Ukraine to Ignite World War III, [Doc. 8], and a Supplement to Motion for Preliminary Injunction to Declare Biden's Presidency Illegal and Illegitimate, [Doc. 9].  The Court observes that these additional filings reiterate the same essential arguments in Plaintiff's prior motions and provide additional supporting evidence in the form of news and article clips relating to the same. See generally [Doc. 6]; [Doc. 7]; [Doc. 8]; [Doc. 9].

[3] Specifically, Plaintiff names the following cabinet members as Defendants:  Merrick Garland (Untied States Attorney General), Miquel Cardona (United States Secretary of Education), Lloyd Austin (United States Secretary of Defense), Janet Yellen (United States Secretary of the Treasury) and Alexandro Mayorkas (United States Secretary of Homeland Security).

U.S. government" to seek Biden's election under the guise of helping America while actually intending to "destroy America and use the U.S. Presidency to descend the world into violence and war." Id. at 2–3. He then alleges that Defendants have taken actions to plunge the nation into chaos, citing several polices enacted by the Biden administration as examples of Defendants' alleged wrongdoing. See generally [Doc. 2]. For instance, as the three "most obvious" examples of Biden's purported plot to destroy America, Plaintiff points to: Biden's border policy, which he claims lets "into the U.S. millions of criminals, spies, saboteurs and enemies of America," Biden's "indoctrinat[ion] of all cadets of U.S. military academics . . . to make U.S. soldiers hate America" and "Biden's illegal 'law-fare' to . . . blunt Donald Trump's presidential campaign." Id. at 2.

Plaintiff claims that Defendants' conspiracy began when "Democrat[ic] Party elites accosted [Biden] to run for president in 2020" and "colluded to agree that Biden would run a campaign promising to 'improve America'" but, instead, that if he won, Biden would "immediately reverse course to pursue policies designed to destroy the country." Id. at 3. Specifically, Plaintiff cites to Biden's policies regarding climate, fossil fuels and green energy, reproductive rights, global politics, the economy and education and argues that Biden conspired with other Defendants to use these policies to "destroy the United States." Id. at 3, 5, 7–

9. Plaintiff also alleges that "each defendant took their oaths of office by fraud, for when taking the oath, they knew they were not going to fulfill or execute their oath of office; [they] never intended to uphold the Constitution." See id. at 3–5. Rather, he posits that Defendants only took a portion of their oaths because they took "the 'word' part of the oath, but did not take the 'spirit' part of the oath." See, e.g., id. at 5. Such deceit, according to Plaintiff, makes Biden and several other Defendants in political offices ineligible to serve in a public office. See, e.g., id.

In the section entitled "Relief Wanted," Plaintiff first requests that his case be certified as a class action under Federal Rule of Civil Procedure 23. Id. at 14. Then, Plaintiff asks the Court for injunctive and declaratory relief through several specific requests. See id. at 14–18. For instance, Plaintiff requests that this Court declare that "the presidency of Defendant Biden was attained by fraud and is illegitimate and illegal," that Biden's spending budget is "extremely excessive," that "Biden's climate crisis agenda is a fraud" and several other declarations condemning policies of the Biden administration. See id. Plaintiff further requests that the Court suspend the authority of several Biden cabinet members over their respective agencies and issue "Certificates of Ineligibility to Occupy Federal Office" for all Defendants because of their alleged participation in Biden's fraudulent scheme. Id. at 15–17. Additionally, as to Defendant Soros, Plaintiff

4

asks this Court to order "that the Soros family via its Open Society Foundations cease and desist from all political and non-profit activities in the United States." Id. at 17.  Finally, Plaintiff also requests "$5 million in compensatory damages from each defendant . . . [and] $5 million in punitive damages from each defendant." Id. at 18.

## DISCUSSION

Because Plaintiff filed this action *in forma pauperis*, the Court will review the Complaint under 28 U.S.C. § 1915(e)(2).  According to this provision, the Court must dismiss a case if the action is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  This statute seeks "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The Eleventh Circuit Court of Appeals has found that a claim is frivolous and subject to dismissal where it "lacks an arguable basis either in law or fact." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327).  Moreover, this Court recognizes that Plaintiff is *pro se*.  As a result, this Court has

an obligation to construe Plaintiff's pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  This liberal construction, however, does not allow this Court to act as *de facto* counsel or rewrite otherwise deficient pleadings.  GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

Before a court may reach the merits of a case, it must first determine whether it has jurisdiction.  See Lake Country Ests., Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 398 (1979).  The issue of a plaintiff's standing "is a threshold jurisdictional question." Wiand v. ATC Brokers Ltd., 96 F.4th 1303, 1311 (11th Cir. 2024).  Accordingly, regardless of whether any party raises it, this Court must first decide whether Plaintiff has Article III standing; if the Court determines that he does not, it must dismiss the case.  See Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020).

"Article III grants federal courts the 'judicial Power' to resolve only 'Cases' or 'Controversies.'  As a result, federal courts may exercise their power only for 'the determination of real, earnest, and vital controversy between individuals.'" Id. (internal citation omitted) (quoting Chi. & Grand Trunk Ry. Co. v. Wellman, 143 U.S. 339, 345 (1892)).  As the Eleventh Circuit has stated, "[u]nder settled precedent, the 'irreducible constitutional minimum' of standing consists of three

elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). The party which invokes the federal court's jurisdiction bears the burden of "establishing these elements to the extent required at each stage of the litigation." Id. (citing Lujan, 504 U.S. at 561). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Malowney v. Fed. Collection Deposition Grp., 193 F.3d 1342, 1346 (1999).

The United States Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573–74. Explained another way, although every citizen possesses the right "to require that the Government be administered according to law . . . this general right does not entitle a private citizen to institute [a suit] in the federal

courts." Lance v. Coffman, 549 U.S. 437, 440 (2007) (quoting Fairchild v. Hughes, 258 U.S. 126, 129–30 (1922)).

In the instant action, the Court finds that Plaintiff has pointed to no "injury in fact" to satisfy constitutional standing requirements. Plaintiff's claims regarding Defendants' fraudulent conspiracy to "destroy the United States" allege no particularized harm beyond his right as a citizen to good government. Such claims fall short of identifying the type of individualized harm required for Article III standing. See Lance, 258 U.S. at 129–30. Accordingly, Plaintiff's claims must be dismissed because his "assertion of standing to bring this suit 'lacks an arguable basis either in law or in fact.'" Driessen v. Miami-Dade Cnty. Sch. Bd., 520 F. App'x 912, 912–13 (11th Cir. 2013) (quoting Miller, 541 F.3d at 1100) (finding that a district court did not abuse its discretion by dismissing a plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) where the district court found that the plaintiff lacked standing).

In addition to its standing issue, the Court also finds that Plaintiff's Complaint is subject to dismissal because it does not contain the level of specificity required to properly set forth a claim for fraud. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." To meet this pleading standard, "a plaintiff must allege: '(1)

8

the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendant[] gained by the alleged fraud.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)).  This heightened pleading requirement serves an important purpose: "to provide the defendants with sufficient notice of the acts of which plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct." U.S. ex rel. Clausen v. Lab'y Corp. of Am., Inc., 198 F.R.D. 560, 562 (N.D. Ga. 2000), aff'd, 290 F.3d 1301 (11th Cir. 2002).

Because Plaintiff is *pro se*, the Court has an obligation to construe Plaintiff's pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).  Moreover, all litigants, even those proceeding *pro se*, are required to conform to procedural rules,

including the pleading requirements of the Federal Rules of Civil Procedure.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); Fed. R. Civ. P. 8(a), 10.

Upon review of the Complaint, the Court finds that Plaintiff's allegations do not meet the pleading standard under the Federal Rules of Civil Procedure.  The Complaint does not clearly identify any causes of action or any cognizable claim for relief that Plaintiff is seeking.  Moreover, Plaintiff does not provide any specific facts that are essential to pleading fraud claims.  Instead, Plaintiff makes vague allegations regarding Defendants' scheme to "destroy the United States" by getting Biden elected and then enacting several policies which Plaintiff identifies as harmful.  Plaintiff's allegations of fraud are missing several of the enumerated requirements of a fraud claim listed above and, as such, Plaintiff's Complaint fails to state a claim.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint without prejudice.

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED**, without prejudice, because Plaintiff lacks standing and because his fraud claim falls short of the particularity requirement of Federal Rule of Civil Procedure 9(b).  As such, the following motions are **DENIED** as moot:  Motion for Court to Update

Jurisprudence to Deal with Democrat Elites' Conspiracy to Destroy United States by Adopting New Protocol, [Doc. 3], Petition for Preliminary Injunction to Issue a Certificate of Ineligibility to Occupy Federal Office Against Joseph R. Biden, [Doc. 4], Motion to Declare Biden's Presidency Illegal and Illegitimate—and Has No Authority to Wage War—to Avert World War III, [Doc. 6], and Motion for Preliminary Injunction to Issue a Certificate of Ineligibility to Occupy Federal Office Against Kamala Harris, [Doc. 7]. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 21st day of November, 2024.

_____
**J. P. BOULEE**
United States District Judge